UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
IN THE MATTER OF THE COMPLAINT          Civil Action No.: 18-cv-02727
            - OF -
BULLET SERVICES, INC., and JEFFREY NAGLER
As owner and/or Owners pro hac vice of a 1964, 65 foot    ANSWER TO COMPLAINT FOR
passenger vessel named "CAPTAIN MIDNIGHT"            EXONERATION FROM OR
for exoneration from limitation of Liability,                LIMITATION OF LIABILITY

                                    Petitioners.
---------------------------------------------------------------x

      IRA BROWN ("Claimant"), by his attorneys, Goidel and Siegel, LLP, as and for his Answer to the Complaint of the Petitioners, BULLET SERVICES, INC. and JEFFREY NAGLER (hereinafter collectively referred to as the "Petitioners"), as Owners and/or pro hac vice of a 1964, 65 foot passenger vessel named "CAPTAIN MIDNIGH" (the "Vessel"), alleges, without prejudice to his pending motion to dismiss for failure to timely commence this action, as follows upon information and belief:

1.     Denied.

2.     Denied.

3.     Denied.

4.     Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 4 of the Complaint.

5.     Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 5 of the Complaint.

6.     Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 6 of the Complaint.

7. Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 7 of the Complaint, but admits that Claimant sustained injuries when he fell on stairs aboard the Vessel while he was employed by the Petitioners as a seaman on the Vessel while in navigable U.S. waters.

8. Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 8 of the Complaint but admits that an action was commenced in Kings County Supreme Court under Index No. 508220/2017 under common law negligence and the Jones Act. Claimant also admits that his claim has an objective value exceeding Petitioners' interest in the value of the vessel as of the date of the subject accident.

9. Denied.

10. Denied.

11. Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 11 of the Complaint. Claimant disputes the Petitioners' valuation of said vessel but admits that Claimant's claim has an objective value more than $10,000.00.

12. Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 12 of the Complaint. Claimant disputes the Petitioners' valuation of said vessel.

13. Denied.

14. Denied.

15. Claimant denies that Petitioners are entitled to the benefits afforded by 46 U.S. §30501 et seq. and the various statutes supplementary thereto and amendatory thereof.

## FIRST AFFIRMATIVE DEFENSE

16. That the Petitioners, as the owners and/or pro hac vice of the Vessel are not entitled to the benefits of Limitation and Exoneration conferred by U.S.C. §§30501-30512 and various statutes supplemental thereto and amendatory thereof, and claimant contests the right to make such a claim as part of this proceeding. Moreover, the conduct and actions which lead to the claimant's injuries took place with the privity or knowledge of the owners, managing owners, owners pro hac vice, and/or operators of the Vessel.

## SECOND AFFIRAMTIVE DEFENSE

17. The complaint for exoneration from or limitation of liability is time barred pursuant to 46 U.S.C. §30511.

## THIRD AFFIRMATIVE DEFENSE

18. That the Petitioners have underestimated the value of the vessel and the vessel in this fleet- including the engines, apparel, appurtenances, pending freight, cargo, existing contracts, fishing equipment, nets, lines, and applicable insurance, etc., as adequacy of the security. Claimant reserves the right to contest the valuation and require the Petitioners to immediately increase the amount of security posted. FRCP, Supp. Rule F(7).

## FOURTH AFFIRMATIVE DEFENSE

19. That to the extent that the Petitioners insurers attempt to avail themselves of the limitation and/or exoneration defense, Claimant asserts that the protections of the Limitation of Liability Act are unavailable to insurers of vessel owners under these circumstances. Furthermore, no prima facie case has been made for establishing that they are entitled to avail themselves to the Limitation of Liability Act.

## FIFTH AFFIRMATIVE DEFENSE

20. Any and all damages were caused through the fault, culpable conduct, negligence and carelessness of the Petitioners, with the express and implied privity and knowledge of the Petitioners for which the complaint for Exoneration and/or Limitation should be denied.

## SIXTH AFFIRMATIVE DEFENSE

21. Any and all damages to the claimant were caused through recklessness, wanton, willful conduct of the Petitioners with the express and implied privity and knowledge of the owners.

## SEVENTH AFFIRMATIVE DEFENSE

22. That the Petitioners cannot file for Limitation of Liability in this case as it is not an intended beneficiary of 46 U.S.C. §§20501-20512 and the various statutes and supplemental thereto and amendatory thereafter, as the enactment of this provision in admiralty was intended to promote maritime commerce through the carriage of goods by sea and was not intended to apply to recreational fishing boats.

## EIGHTH AFFIRMATIVE DEFENSE

23. The allegations in the Complaint fail to state a claim upon which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE

24. The vessel upon which the claimant was injured is part of a fishing fleet operating on the date in question with a commonality of purpose, and as such, the value of the fleet is required to be posted for security, the failure of which requires dismissal of the Petitioners' action.

## TENTH AFFIRMATIVE DEFENSE

25. The complaint for exoneration from or limitation of liability contains vague and ambiguous language and statements that are deficient under the FRCP 12 (e), and the claimant seeks definitive statements of the allegations.

## ELEVENTH AFFIRMATIVE DEFENSE

26. Court lacks subject matter jurisdiction.

## TWELVTH AFFIRMATIVE DEFENSE

27. That pursuant to 28 U.S.C. §1445 (a), the Petitioners were barred from removing Claimant's State Court Jones Act claims to the Federal Court.

WHEREFORE, it is respectfully requested that the Petitioners' Complaint seeking limitation of liability or exoneration from liability be dismissed in all respects; that the Claimant be permitted to prosecute his claims for damages against the Petitioners without a cap on the amount of damages; or the attorney's fees, costs and disbursements of defending the Limitation proceeding; and for such other and further relief as may seem just and proper.

Dated: New York, New York
September 13, 2018

GOIDEL & SIEGEL, LLLP
Attorneys for Claimant/Respondent

By: _____
Jonathan M. Goidel, Esq.
56 W. 45th Street, 3rd Floor
New York, NY 10036
(212) 840-3737
Email: jgoidel@goidelandsiegel.com