UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

IN THE MATTER OF THE COMPLAINT         Civil Action No.: 18-cv-02727
          -   OF   -

BULLET SERVICES, INC., and JEFFREY NAGLER     **NOTICE OF MOTION**
As owner and/or Owners pro hac vice of a 1964, 65 foot     **TO DISMISS PURSUANT TO**
passenger vessel named "CAPTAIN MIDNIGHT"     **FED. R. CIV. P. 12(b)(1)**
for exoneration from or limitation of Liability,

                       Petitioners.

-------------------------------------------------------------------------x

         PLEASE TAKE NOTICE, that upon the annexed declaration of Jonathan M. Goidel,

Esq. dated November 27, 2018, with attached exhibits, and the accompanying Memorandum of

Law, Goidel & Siegel, LLP counsel for Respondent, Ira Brown, will move this Court before the

Magistrate Judge Ann M. Donnelly, at the Courthouse located at 225 Cadman Plaza East, Brooklyn,

New York 11201 on January 18, 2019, at 9:30 o'clock in the forenoon of that date, or as soon

thereafter as counsel can be heard, for an Order, pursuant to Fed. R. Civ. P.12 (b)(1) and Fed. R.

Civ. P.12 (b)(6), granting judgment as a matter of law (i) dismissing the instant petition for failure to

timely commence same; (ii) remanding the instant matter to the New York State Supreme Court;

(iii) vacating the stay of the underlying State court action; and (iv) such other and further relief as

the court deems just and proper.

Dated: New York, New York
        November 27, 2018

                       Yours, etc.
                       GOIDEL & SIEGEL, LLP
                       Attorney for Plaintiff/Respondent

                       By:_____
                       Jonathan M. Goidel, Esq.
                       56 W. 45th Street, 3rd Floor
                       New York, New York 10036
                       (212) 840-3737
                       Email: jgoidel@goidelandsiegel.com

TO:     James E. Mercante, Esq.
             Michael Stern, Esq.
             Kristin E. Polling, Esq.
             Rubin, Fiorella & Friedman, LLP
             Attorneys for Petitioners
             630 Third Avenue, 3rd Floor
             (212) 953-2381
             Email: Jmercante@rubinfiorella.com
             Email: Mstern@rubinfiorella.com
             Email: Kpoling@rubinfiorella.com
             Your File No.: 977.35311

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IN THE MATTER OF THE COMPLAINT                    Civil Action No.: 18-cv-02727
        -   OF   -

BULLET SERVICES, INC., and JEFFREY NAGLER          **DECLARATION**
As owner and/or Owners pro hac vice of a 1964, 65 foot
passenger vessel named "CAPTAIN MIDNIGHT"
for exoneration from or limitation of Liability,

                            Petitioners.
------------------------------------------------------------------------x

    JONATHAN M. GOIDEL, pursuant to 28 U.S.C. §1746, declares under the penalty of perjury

the following as true and correct:

## INTRODUCTION

1. I am a member of Goidel & Siegel, LLP, attorneys for Respondent, IRA BROWN ("Brown" or

"Claimant").

2. I submit this declaration and the attached exhibits in support of Brown's motion to dismiss the

instant Petition, for failure to timely commence this proceeding for an Exoneration and a Limitation

of Liability and for an Order remanding the instant matter to State court.

## BACKGROUND

3.     At all times relevant hereto, Brown was a resident of the State of New York, County of

Kings.

4.     At all times relevant hereto, petitioner, Bullet Services, Inc.[1] was and now is a domestic

limited liability company, organized and existing under the laws of the State of New York which

conducted business under the name "Midnight Fleet".

5.     At all times relevant hereto, petitioner, Jeffrey Nagler, was and now is a resident of the

State of New York, County of Kings.

----

[1] Petitioner is actually a limited liability company, not a corporation as set forth in Petitioners' complaint.

6.      Jeffrey Nagler is the sole principal of Bullet Services, owned the vessel "Captain Midnight" ("Captain Midnight") and others, and conducted the business of chartering fishing boats under the name "Midnight Fleet". *See*, affidavit of Ira Brown annexed herewith as **Exhibit "A"**.

7.      At all times relevant hereto, Petitioners were responsible for the care, maintenance, repair, and control of Captain Midnight.

8.      On August 24, 2016, while Claimant was lawfully employed by Petitioners and aboard Captain Midnight, on navigable U.S. waters, he was caused to fall (the "Accident") as a result of a dangerous condition existing on the staircase of Captain Midnight.

9.      It is alleged that the Accident occurred due to the negligence of the Petitioners in their maintenance, inspection and repair of Captain Midnight. Petitioners had privity and knowledge of the negligent acts or omissions that created the dangerous condition.

10.     As a result of Petitioners' negligence, Brown sustained severe, serious, and permanent injuries, including but not limited to a displaced fracture of his right ankle requiring surgery.

## STATE COURT PROCEEDING

11.     On April 27, 2017, Claimant commenced a tort action, by filing a Summons and Complaint (the "Summons and Complaint") in New York State, Supreme Court, County of Kings, under Index No. 508220/2017, against petitioners Jeffrey Nagler (hereinafter "Nagler") and Bullet Services, LLC ("Bullet Services"), then known to Claimant as XYZ Corp. d/b/a Midnight Fleet, seeking damages "in excess of the jurisdictional limit of all inferior courts of this State, plus interest, costs and disbursements". A copy of the Summons and Complaint is annexed hereto as **Exhibit "B"**.

12.     On May 22, 2017, Bullet Services was served with the Summons and Complaint. Nagler was served with the Summons and Complaint on May 26, 2017. Copies of the Affidavits of Service of the Summons and Complaint are collectively annexed hereto as **Exhibit "C"**.

13.     On July 7, 2017 and August 7, 2017, additional copies of the Summons and Complaint were mailed to Nagler and Bullet Services at their proper addresses. Copies of the additional copies of the Summons and Complaint are annexed hereto as **Exhibit "D"**.

14.     On August 29, 2017, due to Nagler's and Bullet Services' failure to Answer, or appear in the action, Brown filed and duly served a Notice of Motion for Default Judgment against them (the "First Notice of Motion"). A copy of the First Notice of Motion together with its accompanying exhibits and affirmation of service are annexed hereto as **Exhibit "E"**.

15.     On November 8, 2017, Brown filed and duly served a second Notice of Motion for Default Judgment[2] (the "Second Notice of Motion"). A copy of the Second Notice of Motion is annexed hereto as **Exhibit "F"**.

16.     On or about January 26, 2018, Nagler and Bullet Services served their Answer to Claimant's Complaint. A copy of the Answer to the Complaint is annexed hereto as **Exhibit "G"**.

17.     On February 6, 2018, Claimant amended his State court Complaint to substitute Bullet Services for XYZ Corp and to assert a second cause of action against the defendants under the Jones Act. A copy of Claimant's Amended Complaint is annexed hereto as **Exhibit "H"**.

18.     On or about February 23, 2018, Petitioners served an Answer to the Amended Complaint. A copy of the Answer to the Amended Complaint is annexed hereto as **Exhibit "I"**.

---

[2] The First Notice of Motion was denied, without prejudice, for procedural reasons. The attorney's affirmation provided notice of the claims and severity of the injuries.

## THE INSTANT PROCEEDING

19.    By petition dated May 8, 2018, more than <u>six months</u> after Petitioners received notice of Brown's Claims, they filed an untimely complaint seeking exoneration from or limitation of liability, pursuant to 46 U.S.C. §30501, alleging that the District Court has admiralty and maritime jurisdiction over this action pursuant to 28 U.S.C. §1333. A copy of Petitioners' Complaint for Exoneration from or Limitation of Liability is annexed hereto as **Exhibit "J"**.

20.    On August 15, 2018, Magistrate Judge Donnelly stayed the State Court action against Petitioners arising out of the Accident. A copy of Magistrate Judge Donnelly's Order is annexed hereto as **Exhibit "K"**.

21.    As set forth in the accompanying Memorandum of Law, the Petitioners are time barred from receiving the relief they seek under 46 U.S.C. §30505, as they commenced this proceeding more than six (6) months after they first received written notice of Brown's claims.

22.    Moreover, because Claimant timely and properly filed his personal injury claim under the Jones Act in State court, removal of that action to Federal court is prohibited by 28 U.S.C. §1445 (a).

23.    For a discussion of the law, the Court is referred to the accompanying Memorandum of Law.

Dated: New York, New York
       November 27, 2018

GOIDEL & SIEGEL, LLLP
Attorneys for Plaintiff/Respondent

By: _____
Jonathan M. Goidel, Esq.
56 W. 45th Street, 3rd Floor
New York, NY 10036
(212) 840-3737
Email: jgoidel@goidelandsiegel.com

TO:     James E. Mercante, Esq.
          Michael Stern, Esq.
          Kristin E. Polling, Esq.
          Rubin, Fiorella & Friedman, LLP
          Attorneys for Petitioners
          630 Third Avenue, 3rd Floor
          (212) 953-2381
          Email: Jmercante@rubinfiorella.com
          Email: Mstern@rubinfiorella.com
          Email: Kpoling@rubinfiorella.com
          Your File No.: 977.35311