Case 2:18-cv-02727-AMD-SMG Document 11-7 Filed 11/27/18 Page 1 of 3 PageID #: 161

SUPREME COURT STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------X     Civil Action No: 508220/2017

IRA BROWN,

                 Plaintiff,

       -   Against –                **ANSWER**

XYZ CORP., d/b/a MIDNIGHT FLEET and
JEFFREY NAGLER,

                 Defendants.

-----------------------------------------------------------X

      DEFENDANTS, XYZ CORP., d/b/a MIDNIGHT FLEET and JEFFREY NAGLER by

their attorneys RUBIN, FIORELLA & FRIEDMAN LLP, as and for their Answer to the Verified

Complaint answer upon information and belief as follows:

      1.      Deny knowledge or information sufficient to admit or deny the truth of the

allegations contained in paragraph "1" of the Complaint.

      2.      Deny the allegations in paragraphs "2" through "17" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

      The alleged injuries sustained by plaintiffs which, if any, and are in any event denied,

were caused or contributed to by his or their own culpable conduct, negligence, fault, acts or

omissions, and were not caused or contributed to by reason of any negligence or other acts or

omissions or want of care on the part of Defendant or anyone for which he may be held legally

liable, and therefore plaintiff's damages, if any, must be denied or reduced accordingly.

### THIRD AFFIRMATIVE DEFENSE

      Plaintiff's acts, omissions and/or breaches constituted comparative or contributory

negligence, reducing or eliminating recovery in this case.

-1-

4840-2006-6139, v. 2

## FOURTH AFFIRMATIVE DEFENSE

The incident alleged in plaintiff's complaint occurred without the fault, privity or knowledge of Defendants, and the amount of plaintiff's damages, if any, may exceed the value of said Defendant's interest in the vessel. Defendants are therefore entitled to exoneration from, or limitation of liability, to the value of his vessel, pursuant to the Limitation of Liability Act of 1851, 46 U.S.C. § 30501 et seq., as amended.

## FIFTH AFFIRMATIVE DEFENSE

If the plaintiff has suffered damages, which is denied, any recovery from the defendant must be eliminated or reduced by reason of his failure to mitigate said damages.

## SIXTH AFFIRMATIVE DEFENSE

Insufficient service of process.

## SEVENTH AFFIRMATIVE DEFENSE

Lack of personal jurisdiction.

## EIGHTH AFFIRMATIVE DEFENSE

Failure to name an indispensable party.

## NINTH AFFIRMATIVE DEFENSE

Midnight Fleet is not a proper party to this action.

4840-2006-6139, v. 2

Case 2:18-cv-02727-AMD-SMG   Document 11-7   Filed 11/27/18   Page 3 of 3 PageID #: 163

**WHEREFORE**, defendants pray for the following:

1.      judgment in their favor, dismissing plaintiff's complaint, with prejudice, together with costs and attorneys' fees;

2.      judgment exonerating or limiting the liability of Defendants in accordance with the Limitation of Liability Act of 1851, 46 U.S.C. § 30501 et seq. as amended;

3.      all costs including reasonable attorneys' fees; and

4.      such other and further relief as the court may deem just and proper.

Dated: New York, New York
       January 26, 2018

                                    **RUBIN, FIORELLA & FRIEDMAN LLP**
                                    Attorneys for Defendants


                                    By:  _Michael E. Stern_
                                    Michael E. Stern
                                    630 Third Avenue, 3rd Floor
                                    New York, NY 10017
                                    Tel.: 212-953-2381
                                    Fax: 212-953-2462
                                    Email: Mstern@rubinfiorella.com

-3-

4840-2006-6139, v. 2