SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X
IRA BROWN,

                Plaintiff,

-against-

BULLET SERVICES, LLC, XYZ CORP. d/b/a
MIDNIGHT FLEET, and JEFFREY NAGLER,

                Defendants.
-----------------------------------------------------------------------X

Index No.: 508220/2017

**AMENDED COMPLAINT**

Plaintiff, IRA BROWN ("Plaintiff"), by his attorneys, Goidel & Siegel, LLP, for his complaint against Defendants, BULLET SERVICES, LLC, XYZ CORP. d/b/a MIDNIGHT FLEET and JEFFREY NAGLER (hereinafter collectively referred to as the "Defendants"), respectfully alleges as follows:

## THE PARTIES

1. On August 24, 2016, Plaintiff was a resident of the State of New York, residing at 4373 Bedford Avenue, Brooklyn, New York.

2. At all times relevant hereto, defendant BULLET SERVICES, LLC ("BULLET") was and is a domestic limited liability company, organized and existing in accordance with the laws of the State of New York.

3. On August 24, 2016, upon information and belief, defendant BULLET was the owner of Captain Midnight, a vessel in navigation in the U.S. waters (the "Vessel").

4. On August 24, 2016, upon information and belief, defendant XYZ CORP. d/b/a MIDNIGHT FLEET was the owner of the Vessel.

5. On August 24, 2016, upon information and belief, defendant JEFFREY NAGLER was the owner of the Vessel.

6. On August 24, 2016, Plaintiff was lawfully abroad the Vessel.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS BASED ON COMMON LAW NEGLIGENCE

7. Plaintiff repeats and reiterates the allegations set forth in paragraphs "1" through "6" with the same force and effect as if each was fully set forth herein.

8. On August 24, 2016, while lawfully abroad the Vessel, Plaintiff was caused to fall ("the Incident") as a result of a dangerous condition ("the Defect") existing on a staircase ("the Staircase") of the Vessel.

9. The incident occurred solely as a result of the Defect.

10. Defendants were responsible for the care, maintenance, repair, and control of the Vessel, inclusive of the Staircase.

11. Defendants failed to properly care for, maintain, repair, and control the Vessel.

12. On August 24, 2016, Defendants had prior notice of the Defect.

13. On August 24, 2016, Defendants failed to remedy and/or repair the Defect of which they had prior notice.

14. Defendants' failure to properly and adequately remedy and/or repair the Defect, of which they had prior notice, was negligent.

15. On or before August 24, 2016, Defendants caused and/or created the Defect.

16. On August 24, 2016, Defendants failed to remedy and/or repair the Defect that they caused and/or created.

17. Defendants' failure to properly and adequately remedy and/or repair the Defect they caused

and/or created was negligent.

18. As a result of Defendants' negligence, Plaintiff sustained severe, serious and permanent injuries.

19. As a result of the incident caused by Defendants' negligence, without any contributory negligence on the part of Plaintiff, Defendants are liable to Plaintiff in an amount in excess of the jurisdictional limits of all inferior courts plus interest, costs, and disbursements.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS UNDER THE JONES ACT

20. Plaintiff repeats and reiterates the allegations set forth in paragraphs "1" through "19" with the same force and effect as if each was fully set forth herein.

21. Plaintiff was a seaman hired by Defendants to work on the Vessel in navigable U.S. waters.

22. On August 24, 2016, Plaintiff, while in the course and scope of his employment with Defendants, and while at sea, was caused to fall as a result of the Defect on the Staircase of the Vessel.

23. Defendants were responsible for the care, maintenance and control of the Vessel inclusive of its Staircase.

24. Defendants were negligent in that they failed to remedy and/or repair the Defect on the Vessel.

25. Defendants negligently failed to provide a safe place of work abroad the Vessel.

26. Defendant's negligence was a contributing factor in causing Plaintiff's injury.

27. As a result of Defendants' negligence, Defendants are liable to Plaintiff under the Jones Act, U.S.C. 46 § 688 et seq. in an amount in excess of the jurisdictional limits of all inferior courts

plus interest, costs, and disbursements.

**WHEREFORE**, Plaintiff demands judgment against Defendants on the first and second causes of action for an amount of damages in excess of the jurisdictional limit of all inferior trial courts of this State, plus interest, costs and disbursements, and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
      February 6, 2018

                Yours, etc.,

                **GOIDEL & SIEGEL, LLP**

                _____
                By: Farimah S. Ghaffari, Esq.
                GOIDEL & SIEGEL, LLP
                Attorneys for Plaintiff
                Office and Post Office Address
                56 West 45th Street, 3rd Floor
                New York, New York 10036
                (212) 840-3737

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

IRA BROWN,

                              Plaintiff,

-against-

BULLET SERVICES, LLC, XYZ CORP. d/b/a
MIDNIGHT FLEET, and JEFFREY NAGLER,

                              Defendants.

---

Index No.: 508220/2017

# AMENDED SUMMONS

Plaintiff designates
Kings
County as the place of trial

The basis of venue is
Plaintiff's residence

Plaintiff resides at
4373 Bedford Avenue
Brooklyn, New York

To the above-named Defendants:

     **YOU ARE HEREBY SUMMONED** to answer, or, if the complaint is not served with this summons, to serve notice of appearance, on the Plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: February 6, 2018

Defendants' address:

By Secretary of State:

BULLET SERVICES, LLC
c/o JEFFREY NAGLER
2840 OCEAN PARKWAY APR. 1F
Brooklyn, NY 11235

By Regular Mail:

**Ruben, Fiorella & Friedman, LLP**
*Attorneys for Defendants*
XYZ CORP. d/b/a MIDNIGHT FLEET and
JEFFREY NAGLER
630 Third Avenue, 3rd Floor
New York, NY 10017

Farimah S. Ghaffari, Esq.
**GOIDEL & SIEGEL, LLP**
Attorneys for Plaintiff
56 West 45th Street, Third Floor
New York, New York 10036
Tel No.: (212) 840-3737