SUPREME COURT STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------X    Civil Action No: 508220/2017
IRA BROWN,

Plaintiff,

        - Against –    **ANSWER TO AMENDED COMPLAINT**

BULLET SERVICES, XYZ CORP., d/b/a
MIDNIGHT FLEET and
JEFFREY NAGLER,

Defendants.
------------------------------------------------------------X

      DEFENDANTS BULLET SERVICES, XYZ CORP., d/b/a MIDNIGHT FLEET and JEFFREY NAGLER defendants by their attorneys RUBIN, FIORELLA & FRIEDMAN LLP, as and for their Answer to the Amended Complaint answer upon information and belief as follows:

    1.    Deny knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 1.

    2.    Admit the allegations in paragraphs 2-3 of the Amended Complaint.

    3.    Deny the allegations in paragraphs 4, 5, 8-19, 22-27 of the Amended Complaint.

    4.    Admit that plaintiff was on board the Vessel, but except as specifically admitted, deny the allegations in paragraphs 6, 21 of the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The alleged injuries sustained by plaintiffs which, if any, and are in any event denied, were

- 1 -

4848-7886-9854, v. 1

caused or contributed to by his own culpable conduct, negligence, fault, acts or omissions, and were not caused or contributed to by reason of any negligence or other acts or omissions or want of care on the part of Defendants or anyone for whom they may be held legally liable, and therefore plaintiff's damages, if any, must be denied or reduced accordingly.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's acts, omissions and/or breaches constitute comparative or contributory negligence, reducing or eliminating recovery.

### FOURTH AFFIRMATIVE DEFENSE

The incident alleged in plaintiff's Amended Complaint occurred without the fault, privity or knowledge of Defendants, and the amount of plaintiff's damages, if any, may exceed the value of Defendants' interest in the vessel. Defendants are therefore entitled to exoneration from or limitation of liability to the value of the vessel, pursuant to the Limitation of Liability Act of 1851, 46 U.S.C.§ 30501 *et seq.* as amended.

### FIFTH AFFIRMATIVE DEFENSE

If plaintiff suffered damages, which is denied, any recovery from Defendants must be eliminated or reduced by reason of failure to mitigate damages.

### SIXTH AFFIRMATIVE DEFENSE

Insufficient process and lack of personal jurisdiction.

### SEVENTH AFFIRMATIVE DEFENSE

Midnight Fleet is not a proper party to this action.

**WHEREFORE**, Defendants pray for the following:

1. Judgment in their favor, dismissing the Amended Complaint, with prejudice, together

- 2 -

4848-7886-9854, v. 1

with costs and attorneys' fees;

2. Judgment exonerating or limiting the liability of Defendants in accordance with the Limitation of Liability Act of 1851, 46 U.S.C.§ 30501 *et seq.* as amended;

3. Such other and further relief as the court may deem just and proper.

Dated: February 23, 2018

                **RUBIN, FIORELLA & FRIEDMAN LLP**
                *Attorneys for Defendants*

By:___*Michael Stern*
      Michael E. Stern
      630 Third Avenue
      New York, New York 10017
      212-953-2381