James E. Mercante
Michael E. Stern
Kristin E. Poling
**RUBIN, FIORELLA & FRIEDMAN LLP**
630 Third Ave., 3rd Floor
New York, NY 10017
Attorneys for Petitioners

**UNITED STATES DISTRICT COURT
EASTERN OF NEW YORK**

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT<br><br>– Of –<br><br>BULLET SERVICES, INC., and<br>JEFFREY NAGLER as Owners and/or<br>Owners *pro hac vice* of a 1964, 65 foot<br>passenger vessel named "CAPTAIN MIDNIGHT"<br>for Exoneration from or Limitation of<br>Liability,<br>                    Petitioners. | Civil Action No.:<br><br>**COMPLAINT<br>FOR EXONERATION FROM<br>OR LIMITATION OF LIABILITY** |

Bullet Services, Inc. and Jeffrey Nagler, as Owners and/or Owners *pro hac vice* of a 1964, 65 foot passenger vessel named "CAPTAIN MIDNIGHT", as and for their Complaint for Exoneration from or Limitation of Liability, allege upon information and belief as follows:

### JURISDICTION AND VENUE

1. This is a proceeding for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. §§ 30501 *et seq.*, involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, as hereinafter more fully appears.

2. The Court has admiralty and maritime jurisdiction over this proceeding pursuant to Article III, Section 2 of the Constitution of the United States and 28 U.S.C. § 1333, because it

1

involves an alleged marine accident that occurred onboard a vessel operating on the navigable waters of the United States, and this satisfies the requirements for invoking the Court's admiralty jurisdiction.

3. Venue in this district is proper because a civil action was filed against petitioners, as owners of the CAPTAIN MIDNIGHT, in the Supreme Court of the State of New York, Kings County.

## THE PARTIES

4. Petitioner, Bullet Services, Inc. at all pertinent times was and now is a corporation duly organized and existing under the laws of the State of New York with an office and principal place of business in Brooklyn, NY.

5. Petitioner, Jeffrey Nagler, at all pertinent times was and now is a resident and domiciliary of the State of New York.

6. Petitioners are the Owners and/or Owners *pro hac vice* of a 1964, 65 foot passenger vessel named "CAPTAIN MIDNGHT".

## PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY

7. On or about August 24, 2016, the vessel was upon the navigable waters of the United States in vicinity of Sheepshead Bay, NY when an alleged accident is claimed to have occurred onboard the vessel involving an alleged fall down stairs by a vessel employee, and resulting in claims for alleged loss, damage and/or personal injury.

8. Potential claimant Ira Brown filed a civil action against petitioners in the Supreme Court of the State of New York, Kings County, asserting general claims for alleged personal injury. On November 8, 2017 Ira Brown provided written notice of his alleged damages, the value of

2

which has a reasonable possibility of exceeding petitioners' interest in the value of the vessel as of the date of the alleged marine incident.

9. Any claims for loss, damage, and/or injury arising from the alleged marine accident were not due to any fault, neglect, or want of care on the part of petitioners.

10. If any fault caused or contributed to the claims for loss, damage, and/or injury arising from the alleged marine accident, which is denied, such fault, neglect, or want of care was occasioned and occurred without petitioners' privity or knowledge.

11. The value of the vessel at the time of the alleged marine accident was determined to be $10,000.00 (Exhibit "A", vessel valuation).

12. Petitioners offer an *Ad Interim* Stipulation for value totaling the amount of $10,000.00, said amount not less than petitioners' interest in the value of the vessel on the date of the alleged marine accident, for payment into Court whenever the same shall be ordered, as provided for by the aforesaid statute, and by Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and by the rules and practices of this Court. (Exhibit "B", *Ad Interim* Stipulation for Value).

13. Petitioners commenced this proceeding within 6 months of receiving formal written notice of a claim having a reasonable possibility of exceeding the value of petitioners' interest in the vessel on the date of the alleged marine accident.

14. Petitioners are entitled to exoneration from liability for any claims arising from the aforementioned alleged marine accident, and from any and all claims that have been or may hereafter be made.

4840-0017-8783, v. 1

15. Petitioners claim, in the alternative, the benefit of limitation of liability to the value of the vessel on the date of the alleged marine accident provided by 46 U.S.C. §30501 *et seq.*, and the various statutes supplementary thereto and amendatory thereof.

WHEREFORE petitioners pray:

(1) That this Court issue an Order to include the following:

    a. Directing the issuance of Notice to all persons asserting claims with respect to the August 24, 2016 alleged marine accident, which this Complaint seeks Exoneration from or Limitation of Liability, to file their respective claims with the Clerk of this Court and to serve undersigned counsel for petitioners a copy hereof on or before a date to be named in the Notice.

    b. Directing petitioners to file an *Ad Interim* Stipulation for Value as security for the benefit of any and all claimants, in the amount of petitioners' interest in value of the vessel as of the date of the alleged marine accident, with interest at the rate of 6% *per annum* from the date of said security or whenever the Court shall so order.

    c. Directing that upon petitioners' filing of the *Ad Interim* Stipulation for Value, an injunction shall issue enjoining the prosecution against petitioners, their representatives, insurers, and the vessel, of any and all claims, suits, actions, or proceedings, whether or not already begun, with respect to the marine incident, except in this proceeding (Restraining Order).

(2) That this Honorable Court adjudge that petitioners are not liable for any claims for loss, damage, and/or injury arising out of the August 24, 2016 alleged marine accident, and is therefore entitled to exoneration from liability.

(3) If petitioners are adjudged liable, that such liability be limited to the petitioners' interest in the post-casualty value of the vessel in the maximum amount of $10,000.00, and that petitioners be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured as aforesaid, to be divided *pro rata* according to the above-mentioned statutes among such claimant(s) as may duly prove their claim saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging petitioners from all further liability.

(4) That petitioners may have such other and further relief as justice may require.

Dated: New York, New York
       May 8, 2018

RUBIN, FIORELLA & FRIEDMAN LLP
Attorneys for Petitioners

By: _____
James E. Mercante
Michael E. Stern
Kristin E. Poling
630 Third Avenue, 3rd Floor
New York, NY 10017
Tel.: 212-953-2381
Fax: 212-953-2462
Email: Jmercante@rubinfiorella.com
Email: Mstern@rubinfiorella.com
Email: Kpoling@rubinfiorella.com
Our File No.: 977.35311

5

4840-0017-8783, v. 1

JS 44 (Rev. 01/29/2018)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BULLET SERVICES, INC. and JEFFREY NAGLER

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
RUBIN, FIORELLA & FRIEDMAN LLP
630 THIRD AVE., 3RD FLOOR, NEW YORK, NY 10017
212-953-2381

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
46 U.S.C. §§ 30501
Brief description of cause:
SHIPOWNER LIMITATION OF LIABILITY ACT

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 05/08/2018
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.10 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

I, JAMES MERCANTE                        , counsel for PETITIONERS                    , do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐ monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☑ the complaint seeks injunctive relief,

☐ the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

N/A

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?   ☐ Yes   ☑ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?   ☑ Yes   ☐ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?   ☑ Yes   ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?   ☐ Yes   ☐ No
(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑ Yes   ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes   (If yes, please explain   ☑ No

I certify the accuracy of all information provided above.

Signature: *J. Mercante*

Last Modified: 11/27/2017

**UNITED STATES DISTRICT COURT**
**EASTERN OF NEW YORK**

---

IN THE MATTER OF THE COMPLAINT

– Of –

BULLET SERVICES, INC., and
JEFFREY NAGLER as Owners and/or
Owners *pro hac vice* of a 1964, 65 foot
passenger vessel named "CAPTAIN MIDNIGHT"
for Exoneration from or Limitation of
Liability,

Petitioners.

Civil Action No.:

**NOTICE OF FILING COMPLAINT**
**FOR EXONERATION FROM**
**OR LIMITATION OF LIABILITY**

---

**PLEASE TAKE NOTICE** that petitioners Bullet Services, Inc., and Jeffrey Nagler, as Owners and/or Owners *pro hac vice* of a 1964, 65 foot passenger vessel named "CAPTAIN MIDNIGHT", have filed a Complaint seeking Exoneration from or Limitation of Liability, pursuant to 46 U.S.C. §§ 30501 *et seq.*, involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, concerning any claims for loss, damage and/or injury arising or resulting from an alleged accident which is claimed to have occurred onboard the CAPTAIN MIDNIGHT on or about August 24, 2016, while petitioners' vessel was upon the navigable waters of the United States, as more fully described in the Complaint; and

**PLEASE TAKE FURTHER NOTICE** that all persons, firms, entities or corporations, having any claim or suit against the petitioners or their vessel arising or resulting from the alleged accident must file a claim as provided in Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, with

1

the Clerk of the Court, at the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, and must deliver or mail to the attorneys for the petitioners, James E. Mercante, Esq., RUBIN, FIORELLA & FRIEDMAN LLP, 630 Third Avenue, 3rd Floor, New York, New York 10017, a copy on or before the ____ day of _____, 2018 or be defaulted. Personal attendance is not required. Further, any claimant desiring to contest petitioners' right either to exoneration from or limitation of liability shall file an Answer to the Complaint on or before the aforesaid date as required by Supplemental Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and deliver or mail a copy to the attorneys for the petitioners, or be defaulted.

Dated:

_____
                                                Clerk

4817-8951-8175, v. 1

# M.R. WOLF & CO.

**Marine Surveyors and Consultants**
**145 Maple Street**
**Brooklyn, New York 11225-5007**

**(718) 693-0100**                                                                                      vesselsafety@yahoo.com

*Member:* Society of Accredited Marine Surveyors (SAMS,AMS) • American Boat and Yacht Council • NFPA • Boat US Technical Exchange •

---

## REPORT OF VESSEL APPRAISAL

TO:        Rubin, Fiorella & Friedman, LLP
           630 Third Avenue
           New York, NY 10017
ATTN:      Michael E. Stern, Esq.

RE:        Brown v. Midnight Fleet
YOUR FILE #: 977.35311
OUR File#:   CSI7-0218

---

Acting at the request of Mr. Michael E. Stern, Esq., of The Law Offices of Rubin, Fiorella and Friedman, LLP, M. R. Wolf & Co, by Capt. Gerard V. Zingale, AMS (Surveyor) has undertaken to determine the Fair Market Value (FMV) of a certain 1964 Gillikin, "Captain Midnight", O.N. 294508 (Passenger vessel) lying at Sheepshead Bay, Brooklyn, New York

### INSPECTION

The inspection of the vessel was conducted on 17 April 2018 and made for appraisal purposes only. Under no circumstances shall it be regarded as a full marine survey. The vessel's Master, Captain Nagler advised the vessel has been out of service for approximately one year. She has undergone several Coast Guard inspections in the last year in efforts to have the Certificate of Inspection and to be approved to operate and carry passengers. Starboard engine was partially disassembled, with the outboard cylinder head removed for repairs.

### VALUATION

The vessel is currently for sale, with listings in national publications and on several websites that list vessels for sale. The vessel has had several months of market exposure. The original asking price was $54,000.00, with no offers of purchase. After reductions in the asking price, Captain Nagler advises that he has lowered the published asking price to $29,000.00, however he has not received any offers.

Considering the foregoing information, and the fact that CAPTAIN MIDNIGHT has been out of service for approximately one year, does not have a current Certificate of Inspection, uncertainty of receiving a Certificate of Inspection and being a soft candidate for workboat or yacht conversion her estimated "FMV" (Fair Market Value) is considered to be between $6,000.00 and $10,000.00 USD.

"ESTIMATED FMV" between $6,000.00 and $10,000.000
   "_Six Thousand Dollars and Ten Thousand Dollars_"

I certify that, to the best of my knowledge and belief:

- The statements of fact contained in this report are true and correct.
- The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions, and are my personal, impartial, and unbiased professional analyses, opinions, conclusions, and recommendations.
- I have no present or prospective interest in the property that is the subject of this report, and I have no personal interest with respect to the parties involved.
- I have no bias with respect to any property tht is the subject of this report or to the parties involved with this assignment.
- My engagement in this assignment was not contingent upon developing or reporting predetermined results.
- My compensation for completing this assignment is not contingent upon the development or report of a predetermined value or direction in value tht favors the cause o the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal consulting assignment.
- My analyses, opinions, and conclusions were developed, and this report has been prepared in conformity with the _Uniform Standards of Professional Appraisal Practice._
- I have made a personal inspection of the property that is the subject of this report.
- No one provided significant property appraisal or appraisal consulting assistance to the person signing this certification.

*[Signature: Capt. Gerard V. Zingale]*
Capt. Gerard V. Zingale, SAMS-AMS
For M. R. Wolf & Co. (Digitally signed)

James E. Mercante
Michael E. Stern
Kristin E. Poling
**RUBIN, FIORELLA & FRIEDMAN LLP**
630 Third Ave., 3rd Floor
New York, NY 10017
Attorneys for Petitioners

**UNITED STATES DISTRICT COURT**
**EASTERN OF NEW YORK**

---

IN THE MATTER OF THE COMPLAINT

– Of –

BULLET SERVICES, INC., and
JEFFREY NAGLER as Owners and/or
Owners *pro hac vice* of a 1964, 65 foot
passenger vessel named "CAPTAIN MIDNIGHT"
for Exoneration from or Limitation of
Liability,
                  Petitioners.

Civil Action No.:

**AD INTERIM STIPULATION**
**FOR VALUE**

---

    **WHEREAS,** Petitioners, BULLET SERVICES, INC., and JEFFREY NAGLER as Owners and/or Owners *pro hac vice* of a 1964, 65 foot passenger vessel named "CAPTAIN MIDNIGHT", are instituting a proceeding in this Court for Exoneration from or Limitation of Liability, pursuant to 46 U.S.C. §§ 30501 *et seq.*, in connection with a marine incldient which is alleged to have occurred on August 24, 2016; and

    **WHEREAS,** Petitioners' vessel was upon the navigable waters of the United States on August 24, 2016, in vicinity of Sheepshead Bay, NY when an alleged accident is claimed to have occurred onboard the vessel, allegedly resulting in potential claims for loss, damage and/or injury as more fully set forth in the Complaint filed herein; and

    **WHEREAS,** Petitioners wish to provide this *Ad Interim* Stipulation for Value in the amount of the post-casualty value of Petitioners' vessel on the day of the alleged marine incident,

as security for any and all claims arising from the alleged marine incident as described in the Complaint;

**WHEREAS,** the value of Petitioners' interest in the vessel on the day of the alleged marine incident described above has been fixed at $10,000.00 as appears in **Exhibit "A"** to the Complaint filed herein;

**NOW, THEREFORE,** in consideration of the premises, Indemnity Insurance Company of North America, issuer of an Commercial Marine Insurance Policy, Policy number N10738027, having an office and place of business at 436 Walnut Street, P.O. Box 1000, Philadelphia, Pennsylvania 19106-3703, hereby undertakes in the sum of $10,250.00, which includes $250.00 as security for costs, with interest thereon at the rate of 6% *per annum* from the date hereof, to be apportioned, *pro rata*, between all claims for loss, damage and/or injury in totality asserted in any litigations or actions regarding the subject incident. If this security is successfully contested by motion, then within thirty (30) days after entry of an Order confirming the report of an independent marine surveyor appointed by the Court to appraise the value of Petitioners' interest in vessel, Indemnity Insurance Company of North America will file in this proceeding a revised *Ad Interim* Stipulation for Value conforming to such appraised value up to the remaining balance at that time of the Protection and Indemnity insurance limits of liability in their Commercial Marine Insurance Policy, and in the interim, this *Ad Interim* Stipulation for Value shall stand as security for all claims filed in said limitation of liability proceeding;

**FURTHERMORE,** solely for the limited purposes responding to payment of any claim asserted in the Petitioners' proceeding based upon this *Ad Interim* Stipulation for Value, Indemnity Insurance Company of North America hereby submits to the jurisdiction of this Court and designate RUBIN, FIORELLA & FRIEDMAN LLP their agents for service of process, and

4847-8640-0101, v. 1

Indemnity Insurance Company of North America agrees, together with the Petitioners, to pay the amount awarded by the final decree rendered by this Court, or an Appellate Court if an appeal intervenes, up to the principal amount of this security, with interest as aforesaid, unless the value of Petitioners' vessel shall have been paid into Court or a bond or revised *Ad Interim* Stipulation for Value thereof shall have been given as aforesaid, and/or exoneration or limitation is denied or the merits are settled, in which events this security shall be void.

**FURTHERMORE,** it is understood and agreed that the execution of this *Ad Interim* Stipulation for Value by the undersigned shall be binding only upon Indemnity Insurance Company of North America as aforesaid.

Dated:

                                        **Indemnity Insurance Company of North America**

_____

STATE OF _____ )
                            ) ss.:
COUNTY OF _____ )

On this ___ day of May, 2018, before me personally came _____, being by me duly sworn, did depose and say that he/she executed the foregoing *Ad Interim* Stipulation for Value and that he/she executed same pursuant to his official powers and duties.

Sworn to before me this

____ day of May, 2018

_____
      Notary Public

4847-8640-0101, v. 1

**UNITED STATES DISTRICT COURT**
**EASTERN OF NEW YORK**

---

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT<br><br>– Of –<br><br>BULLET SERVICES, INC., and<br>JEFFREY NAGLER as Owners and/or<br>Owners *pro hac vice* of a 1964, 65 foot<br>passenger vessel named "CAPTAIN MIDNIGHT"<br>for Exoneration from or Limitation of<br>Liability,<br><br>Petitioners. | Civil Action No.:<br><br><br>**ORDER** |

---

A Complaint having been filed herein on May 8, 2018, by the above-named Petitioners, Bullet Services, Inc., and Jeffrey Nagler, as Owners and/or Owners *pro hac vice* of a 1964, 65 foot passenger vessel named "CAPTAIN MIDNIGHT", seeking Exoneration from or Limitation of Liability, pursuant to 46 U.S.C. §§ 30501 *et seq.*, involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, concerning any claims for loss, damage and/or injury arising or resulting from an alleged marine incident which is claimed to have occurred onboard the CAPTAIN MIDNIGHT on or about August 24, 2016, while petitioners' vessel was upon the navigable waters of the United States, as more fully described in the Complaint; and

**AND** the Complaint having stated that Petitioners' interest in the value of the vessel on the day of the alleged marine incident did not exceed the sum of $10,000.00;

**AND** Petitioners have filed with the Court an *Ad Interim* Stipulation for value dated May 8, 2018, for the benefit of any and all claimants, with surety, equal to the amount of Petitioners'

1

interest in the value of the vessel as of the date of the alleged marine incident, with interest at the rate of 6% *per annum* from the date of said security, plus $250 as costs, executed by marine insurer Indemnity Insurance Company of North America,

**NOW,** on motion of attorneys for Petitioners, it is hereby:

**ORDERED** that the above-described *Ad Interim* Stipulation for Value, with interest as aforesaid, filed by Petitioners for the benefit of any and all claimants as security representing the Petitioners' interest in the value of the vessel as of the date of the alleged marine incident, be and is **hereby approved**; and

**IT IS FURTHER ORDERED** that the Court, only upon motion and good cause shown, shall cause appraisement of the value of Petitioners' interest in the vessel on the date of the alleged marine incident, and may thereupon order said security increased or reduced if it finds the amount thereof insufficient or excessive; and

**IT IS FURTHER ORDERED** that any claimant in these proceedings may express, only upon good cause shown and by written notice filed with the Court and served upon all parties of record, its dissatisfaction with Indemnity Insurance Company of North America, as surety. In this event, Petitioners shall within thirty (30) days of the entry of an order by the Court concerning the surety, cause security to be posted in the form provided by Supplemental Rule F(1) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and satisfactory to this Court failing which the injunction entered concurrently herewith will be vacated as to all claimants, and the Court will make such further orders as the justice of the cause may require; and

**IT IS FURTHER ORDERED** that a **Notice shall be issued by the Clerk of this Court** to all persons, firms, entities or corporations, having any claim or suit against the Petitioners with

respect to which the Complaint seeks exoneration from or limitation of liability, admonishing them to file their respective claims with the Clerk of this Court, in writing, and to deliver or mail to the attorneys for the Petitioners, James E. Mercante, Esq., RUBIN, FIORELLA & FRIEDMAN LLP, 630 Third Avenue, 3rd Floor, New York, New York 10017, a copy thereof, **ON OR BEFORE THE _____ DAY OF _____, 2018,** or be defaulted; and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such claimant shall file an Answer to the Complaint on or before the aforesaid date, unless the claim has included an Answer to the Complaint, as required by Supplemental Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and deliver or mail a copy to the attorneys for the Petitioners, or be defaulted.

    **IT IS FURTHER ORDERED** that the aforesaid Notice shall be published in Newsday, a newspaper with a general circulation, once a week for four (4) weeks before the return date of said Notice, as provided by the aforesaid Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and copies of said Notice shall be mailed by Petitioners in accordance with this Rule to every person known to have any claim against the vessel, or Petitioners, or to their attorneys; and

    **IT IS FURTHER ORDERED** that the further prosecution of any and all actions, suits and proceedings already commenced and the commencement or prosecution hereafter of any and all suits, actions, or proceedings of any nature and description whatsoever in any Court of any jurisdiction, or otherwise, against the Petitioners, insurer, and/or the vessel, and the taking of any steps and the making of any motion in such actions, suits or proceedings except in this action,

with respect to the aforesaid alleged marine incident, **be and they hereby are restrained, stayed and enjoined** until the hearing and determination of this action, and all warrants of arrest of the vessel and/or attachments issued or sought in such other suits, actions or legal proceedings be and the same are hereby dissolved and further warrants of arrest of the vessel and/or attachments are hereby prohibited; and

   **IT IS FURTHER ORDERED** that service of this Order as a Restraining Order be made through the Post Office by mailing a conformed copy hereof to the person or persons to be restrained, or to their respective attorneys.

Dated: _____

_____

                _____
                     U.S.D.J.