UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------

IN THE MATTER OF THE COMPLAINT

of

BULLET SERVICES, INC., and JEFFREY
NAGLER as owners and/or owners *pro hac vice* of
the passenger vessel CAPTAIN MIDNIGHT for
Exoneration from or Limitation of Liability,

Petitioners.

-------------------------------------------------------------

**ORDER**
18-CV-2727 (AMD)(SMG)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ AUG 15 2018 ★

BROOKLYN OFFICE

**ANN M. DONNELLY**, United States District Judge:

A Complaint having been filed herein on May 8, 2018, by the above-named Petitioners, Bullet Services, Inc., and Jeffrey Nagler, as Owners and/or Owners *pro hac vice* of a 1964, 65-foot passenger vessel named "CAPTAIN MIDNIGHT," seeking Exoneration from or Limitation of Liability, pursuant to 46 U.S.C. §§ 30501 *et seq.*, involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal rules of Civil Procedure, concerning any claims for loss, damage and/or injury arising or resulting from an alleged marine incident which is claimed to have occurred onboard the CAPTAIN MIDNIGHT on or about August 24, 2016, while Petitioners' vessel was upon the navigable waters of the United States, as more fully described in the Complaint; and

**AND** the Complaint having stated that Petitioners' interest in the value of the vessel on the day of the alleged marine incident did not exceed the sum of $10,000.00;

**AND** Petitioners have filed with the Court an *Ad Interim* Stipulation for value dated May 8, 2018, for the benefit of any and all claimants, with surety, equal to the amount of Petitioners' interest in the value of the vessel as of the date of the alleged marine incident, with interest at the

rate of 6% *per annum* from the date of said security, plus $250 as costs, executed by marine insurer Indemnity Insurance Company of North America;

NOW, on motion of attorneys for Petitioners, it is hereby:

**ORDERED** that the above-described *Ad Interim* Stipulation for Value in the sum of $10,000.00, with interest as aforesaid, filed by Petitioners for the benefit of any and all claimants as security representing the Petitioners' interest in the value of the vessel as of the date of the alleged marine incident, be and is **hereby approved**; and

**IT IS FURTHER ORDERED** that the Court, only upon motion and good cause shown, shall cause appraisement of the value of Petitioners' interest in the vessel on the date of the alleged marine incident, and may thereupon order said security increased or reduced if it finds the amount thereof insufficient or excessive; and

**IT IS FURTHER ORDERED** that any claimant in these proceedings may express, only upon good cause shown by written notice filed with the Court and served upon all parties of record, its dissatisfaction with Indemnity Insurance Company of North America, as surety. In this event, Petitioners shall within thirty days of the entry of an order by the Court concerning the surety, cause security to be posted in the form provided by Supplemental Rule F(1) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and satisfactory to this Court failing which the injunction entered concurrently herewith will be vacated as to all claimants, and the Court will make such further orders as the justice of the cause may require; and

**IT IS FURTHER ORDERED** that a **Notice shall be issued by the Clerk of this Court** to all persons, firms, entities or corporations, having any claim or suit against the Petitioners with respect to which the Complaint seeks exoneration from or limitation of liability, admonishing

them to file their respective claims with the Clerk of this Court in writing, and to deliver or mail to the attorneys for the Petitioners, James E. Mercante, Esq., RUBIN, FIORELLA & FRIEDMAN LLP, 630 Third Avenue, 3rd Floor, New York, New York 10017, a copy thereof, **ON OR BEFORE THE 15th DAY OF SEPTEMBER OF 2018**, or be defaulted; and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such claimant shall file and Answer to the Complaint on or before the aforesaid date, unless the claim has included an Answer to the Complaint, as required by Supplemental Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and deliver or mail a copy to the attorneys for the Petitioners, or be defaulted; and

**IT IS FURTHER ORDERED** that the aforesaid Notice shall be published in a newspaper with a general circulation, once a week for four weeks before the return date of said Notice, as provided by the aforesaid Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and copies of said Notice shall be mailed by Petitioners in accordance with this Rule to every person known to have any claim against the vessel, or Petitioners, or to their attorneys; and

**IT IS FURTHER ORDERED** that the further prosecution of any and all actions, suits and proceedings already commenced and the commencement or prosecution hereafter of any and all suits, actions, or proceedings of any nature and description whatsoever in any Court of any jurisdiction, or otherwise, against the Petitioners, insurer, and/or the vessel, and the taking of any steps and the making of any motion in such actions, suits or proceedings except in this action, with respect to the aforesaid alleged marine incident, **be and they hereby are restrained, stayed, and enjoined** until the hearing and determination of this action, and all warrants of arrest

3

of the vessel and/or attachments issued or sought in such other suits, actions or legal proceedings be and the same are hereby dissolved and further warrants of arrest of the vessel and/or attachments are hereby prohibited; and

**IT IS FURTHER ORDERED** that service of this Order as a Restraining Order be made through the Post Office by mailing a conformed copy hereof to the person or persons to be retrained, or to their respective attorneys.

**SO ORDERED.**

s/Ann M. Donnelly
Ann M. Donnelly
United States District Judge

Dated: August 15, 2018
Brooklyn, New York