UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IN THE MATTER OF THE COMPLAINT            Civil Action No.: 18-cv-02727

- OF -

BULLET SERVICES, INC., and JEFFREY NAGLER
As owner and/or Owners pro hac vice of a 1964, 65 foot
passenger vessel named "CAPTAIN MIDNIGHT"
for exoneration from or limitation of Liability,

                                   Petitioners.
------------------------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF THE RESPONDENT IRA BROWN'S MOTION TO DISMISS

## **TABLE OF CONTENTS**

TABLE OF CONTENTS……………………………………………………………….2

TABLE OF AUTHORITIES……………………………………………………………3

PRELIMINARY STATEMENT………………………………………………………..4

STATEMENT OF FACTS……………………………………………………………...4

STANDARDS GOVERNING FED. R. CIV. P. 12(b)(1) MOTION……………...4

DISCUSSION…………………………………………………………………………...5

CONCLUSION……………………………………………………………………….10

## **TABLE OF AUTHORITIES**

**Rules**

28 U.S.C. § 1447 (c) ...................................................................................................9
46 U.S.C. §30511 .......................................................................................................5
Fed. R. Civ. P. 12 (b) (6) ...........................................................................................5
Fed. R. Civ. P. 12 (h) (3) ...........................................................................................9
Title 46 U.S.C. §30505 ..............................................................................................4

**Cases**

Arthur F. Williams, Inc. v. Helbig, 208 F.R.D. 41(E.D.N.Y. 22002) .......................8
Christensen Engineering Co. v. Westinghouse Air Brake Co., 135 F. 774, 775 (2nd Circ. 1905)...8
Cincinnati Gas & Elec. Co. v. Abel, 533 F.2d 1001, 1005 (1976)……………………..6 &10
Doxsee Sea Clam Co. v. Brown, 13 F.3d 550 554 (2 Cir. 1994) ..............................6
Greco v. Bank of Am., N.A., 2017 WL 1483524 (E.D.N.Y. 2017) ..........................8
Group Therapy, Inc. v. White, 280 F. Supp. 2d 21 (W.D.N.Y. 2003) .....................6
In re Complaint of Bayview Charter Boats, Inc., 692 F. Supp. 1480, 1486-1487 (N.Y.E.D. 1988)………………………………………………………………………..9 & 10
In re Complaint of Morania Barge No. 190, Inc., 690 F.2d 32, 33 (2d Cir. 1982)…………...5 & 6
In re Complaint of Pinand, 638 F. Supp. 2d 357, 359 (S.D.N.Y. 2009)……………….…4 & 6
In re Miller's Launch, Inc., 2010 WL 3282627 (E.D.N.Y. 2010) ............................6
In re Spearin, Preston & Burrows, Inc. ("Lavinia D."), 190 F.2d 684, 686 (2d Cir. 1951).............6
Kihl v. Pfeffer, 94 N.Y.2d 118, 122, 722 N.E.2d 55, 700 N.Y.S.2d 87 (N.Y. 1999) ......................8
Lewis v. Lewis &Clark Marine, Inc., 531 U.S. 438, 446 (2001) ..............................5
Luckett v. Bure, 290 F.3d 493, 496-97 (2d Cir. 2002) ..............................................5
N.E. Marine, Inc. v. Boody, 2012 WL 4482772 (E.D.N.Y 2012)..............................4
Oskar v. IDS Prop. Cas. Ins. Co., 2011 WL 1103905, at 4 (E.D.N.Y. 2011) ..........8
Pierpoint v. Barnes 94 F.3d 814 (2nd Cir. 1996) .......................................................9
The Grasselli Chemical Co., 20 F. Supp. 394 (S.D.N.Y) ........................................5
United States Underwriters Ins. Co. v. ITG Dev. Grp., LLC, 2018 WL 1767884 (E.D.N.Y. 2018) ...................................................................................................................8

## PRELIMINARY STATEMENT

Petitioners, Bullet Services, Inc. ("Bullet") and Jeffrey Nagler ("Nagler") commenced this proceeding under Title 46 U.S.C. §30505, for exoneration from or a limitation of their liability to IRA BROWN (the "Brown" or "Claimant") for injury claims arising out of an August 24, 2016 accident aboard their vessel "Captain Midnight" (the "Boat").

On April 27, 2017, Brown commenced a personal injury action in New York State Supreme Court, Kings County (the "State Court Case") seeking damages from Petitioners herein (See, Jonathan Goidel's Declaration at ¶¶ 11-18) on account of their negligent maintenance of the Boat. The Summons and Complaint were served on May 22, 2017 and May 26, 2017.

On August 29, 2017, Nagler and Bullet were served with Claimant's notice of motion for a default judgment (the "First Notice of Motion") in the State Court on account of Bullet's and Nagler's failure to answer.

Approximately one year after being served with the State court Summons and Complaint, and more than six months after being served with the First Notice of Motion, the Petitioners commenced this proceeding and filed a Complaint for exoneration from or limitation of liability, and obtained a stay of the State court case.

## STATEMENT OF FACTS

For a statement of the underlying facts, the court is respectfully referred to the Declaration of Jonathan Goidel and the attached exhibits.

## STANDARDS GOVERNING FED. R. CIV. P. 12(b) (6) MOTION

A party who contends that a limitation action was not timely filed challenges the district court's subject matter jurisdiction. N.E. Marine, Inc. v. Boody, 2012 WL 4482772 (E.D.N.Y 2012); In re Complaint of Pinand, 638 F. Supp. 2d 357, 359 (S.D.N.Y. 2009). In "resolving the

question of jurisdiction, the district court can refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Luckett v. Bure, 290 F.3d 493, 496-97 (2d Cir. 2002). Accordingly, the instant motion can be treated as a pre-answer motion to dismiss pursuant to Fed. R. Civ. P. 12 (b)(6), and court could consider matters outside of the complaint in determining whether the instant action under the Limitation Act is timely.

## DISCUSSION

### The Petitioners' Complaint Must Be Dismissed as It Was Filed More Than Six Months of Being Served With the Written Notice of Brown' Claims.

Pursuant to 46 U.S.C. §30511 (the "Limitation Act" or the "Act"), "the owner of a vessel may bring a civil action in a district court of the United States for limitation of liability under this chapter. The action must be brought within 6 months after claimant gives the owner written notice of a claim." Lewis v. Lewis &Clark Marine, Inc., 531 U.S. 438, 446 (2001).

To invoke the protection of the Limitation Act, the vessel owner must bring an action in district court "within six months after a claimant gives the owner written notice of a claim." The law is thus well settled that "the statute is a time bar with respect to a vessel owner's filing of a petition for limitation of liability." In re Complaint of Morania Barge No. 190, Inc., 690 F.2d 32, 33 (2d Cir. 1982). If the ship owner fails to file the petition within six months of receiving the first claim, right to file petition is lost entirely as to all subsequent claims arising out of the same occurrence. The Grasselli Chemical Co., 20 F. Supp. 394 (S.D.N.Y). Moreover, the owner must file the petition within six months after receiving written notice of any claim even if it is not clear how many claims will be filed or what their total amount will be. Morania Barge. *Supra*.

The rule is silent as to what constitutes proper notice of claim. However, the Second Circuit has described the standard for determining whether written notice is sufficient as "broad and

flexible". Doxsee Sea Clam Co. v. Brown, 13 F.3d 550 554 (2 Cir. 1994); Group Therapy, Inc. v. White, 280 F. Supp. 2d 21 (W.D.N.Y. 2003). Generally, the "[n]otice will be sufficient if it informs the vessel owner of an actual or potential claim… which may exceed the value of the vessel[.]" Doxsee, 13 F.3d at 554 (*citing* In re Spearin, Preston & Burrows, Inc. ("Lavinia D."), 190 F.2d 684, 686 (2d Cir. 1951)). A notice is sufficient to begin the six month period if it makes it "reasonably possible" for the vessel owner to infer that the amount of plaintiff's damages will exceed the value of the boat. Morania Barge, *supra*, at 34 "Indeed, even when doubt exists as to the total amount of the claims or as to whether they will exceed the value of the ship, the owner will not be excused from satisfying the statutory time bar since he may institute a limitation proceeding even when the total amount claimed is uncertain." Any ambiguity should be resolved in favor of permitting full recovery. Cincinnati Gas & Elec. Co. v. Abel, 533 F.2d 1001, 1005 (1976). "The burden 'to seek clarification' of the amount of damages sought rests upon the ship owner." In re Spex Calstar, 2002 WL 31426255 (S.D.N.Y. 2002)

A state court complaint clearly gives notice of the claim itself. In re Miller's Launch, Inc., 2010 WL 3282627 (E.D.N.Y. 2010), *citing* In re Complaint of Pinand, *supra*, at 359.

In In re Complaint of Pinand, *supra*, the court granting claimant's motion to dismiss the plaintiff's complaint as untimely held that the claimant's complaint in the state court informed the plaintiff that she sought damages "in excess of the jurisdictional limits of all courts of lesser jurisdiction, which limits exceeded the value of plaintiff's vessel."

Here, as in In re Complaint of Pinand, *supra*, Petitioners were served with the State court case Summons and Complaint more than six months before they filed the Complaint under the Limitation Act. In Brown's State court complaint, the incident was specifically identified by date, vessel, and the location of the dangerous condition which caused Brown's fall and injury.

Additionally, the State court complaint properly informed Petitioners that Brown was asserting a claim for damages caused by Petitioners' negligence "in an amount in excess of the jurisdictional limits of all inferior courts" (i.e. $25,000.00).

Brown's State court complaint set forth the following allegations:

> ¶2 On August 24, 2016, upon information and belief, XYZ Corp d/b/a MIDNIGT FLEET was the owner of Captain Midnight (the "Location") located at 2600 Emmons Avenue, Brooklyn, New York.
> ¶ On August 24, 2016, upon information and belief, JEFFREY NAGLER was the owner of Location.
> ¶6. On August 24, 2016, while lawfully inside the Location [the vessel], Plaintiff [Brown] was caused to fall as a result of a dangerous condition ("the Defect") existing on a staircase ("the staircase") of the Location…
> ¶16. As a result of Defendants' [Petitioners herein] negligence, Plaintiff sustained severe, serious and permanent injuries.
> ¶17. As a result of the incident caused by Defendants' negligence, without any contributory negligence on the part of Plaintiff, Defendants are liable to Plaintiff in an amount in excess of the jurisdictional limits of all inferior courts plus interest, costs and disbursements.

Brown's State court complaint clearly met the standard of written notice applied by the Second Circuit, and because Petitioners were served with the State court Summons and Complaint more than six months before they commenced this proceeding, the Petitioners' Complaint is untimely and should be dismissed.

Even if the Court finds that the State court complaint did not satisfy the written notice requirement, which we aver it did, it is respectfully asserted that Brown's First Notice of Motion for a default judgment served upon Petitioners on August 29, 2017 clearly satisfied the written notice requirements of the Limitation Act. In paragraph 8 of Petitioners' Complaint herein, they admit that Brown's Second (of November 8, 2017) Notice of Motion for a default judgment "provided written notice of his alleged damages, the value of which has a reasonable possibility of exceeding petitioners' interest in the value of the vessel". What Petitioners' counsel neglects to

recognize is that the First Notice of Motion served on August 29, 2017 also satisfied the Act's written notice requirement.

In his First Notice of Motion, served upon Petitioners on August 29, 2017 Brown asserted that "due to Defendants' [Petitioners] negligence in the maintenance, inspection, and repair of the Location [the vessel], Plaintiff sustained severe, permanent, and long lasting injuries, including but not limited to displaced bimalleolar fracture of lower leg requiring surgery."

The First Notice of Motion for Default Judgment met the standards of written notice and provided requisite notice of the severity of Brown's injuries and the negligence claims against Petitioners.

If, as we anticipate, Petitioners deny having received the First Notice of Motion served exactly as the Second, the bare assertion is insufficient to defeat this motion or to overcome the presumption at law that the First Notice of Motion, properly addressed and mailed to the same address as the Second Notice of Motion (which Petitioners admit having received) was received by Petitioners. Christensen Engineering Co. v. Westinghouse Air Brake Co., 135 F. 774, 775 (2nd Circ. 1905) (there is a presumption that a letter "properly addressed and mailed reached its destination at the proper time and was duly received by the person to whom it was addressed."); Arthur F. Williams, Inc. v. Helbig, 208 F.R.D. 41(E.D.N.Y. 22002) (a properly filed affidavit of service is prima facie evidence that service was properly effected). Mere conclusory denials by the purported recipient are insufficient to rebut the presumption of receipt. Oskar v. IDS Prop. Cas. Ins. Co., 2011 WL 1103905, at 4 (E.D.N.Y. 2011); Greco v. Bank of Am., N.A., 2017 WL 1483524 (E.D.N.Y. 2017); and United States Underwriters Ins. Co. v. ITG Dev. Grp., LLC, 2018 WL 1767884 (E.D.N.Y. 2018) *citing* Kihl v. Pfeffer, 94 N.Y.2d 118, 122, 722 N.E.2d 55, 700 N.Y.S.2d 87 (N.Y. 1999) ("A properly executed affidavit of service raises a presumption that a proper

mailing occurred, and a mere denial of receipt is not enough to rebut the presumption.") Petitioners' conclusory denial of receipt of the First Notice of Motion is not enough to rebut the presumption that they received it.

Here, the record demonstrates that Petitioners received a "written notice of a claim" more than six months before they commenced the instant proceeding. Accordingly, Petitioners' Complaint was untimely and should be dismissed.

### The Case Should be Remanded to the Supreme Court, Kings County

Because Petitioners' Complaint requesting exoneration from or limitation of liability should be dismissed as untimely, the case respectfully should be remitted to the State court, where it was originally filed by Brown. *See*, 28 U.S.C. § 1447 (c) ("If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *See*, also Fed. R. Civ. P. 12 (h) (3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Pierpoint v. Barnes 94 F.3d 814 (2nd Cir. 1996).

In In re Complaint of Bayview Charter Boats, Inc., 692 F. Supp. 1480, 1486-1487 (N.Y.E.D. 1988), after the court dismissed the petitioner's complaint seeking limitation of liability as untimely, it remanded the case to the State court where the claimants originally brought their personal injury claims. The court in reaching that decision stated that "had claimants brought their personal injury claims in a federal court, that court would have had subject matter jurisdiction to decide issues concerning the availability of the limitation defense prior to considering the case on the merits [*Citation omitted*]. Similarly, a timely filed limitation petition would have given this Court jurisdiction to either decide the limitation issues or to consider appropriate stipulations protecting the jurisdiction of the admiralty court to decide

those issues. [*Citation omitted*]. Problems arise, however, where, as here, claimants choose to bring their personal injury case in a state court and the vessel owner's limitation petition is dismissed as untimely. In such a case, it appears to the Court that the owner lacks the procedural vehicle for bringing the limitation issues before the federal forum." *See*, also, Cincinnati Gas & Electric Co. v. Abel, 553 F.2d 1001 (6th Cir. 1976).

Here, Brown, like the claimants in Bayview Charter Boats, commenced his personal injury case in a State court based on common law negligence (and the Jones Act), and because this limitation proceeding should be dismissed as untimely, the Court ought not exercise jurisdiction over the underlying claim.

## CONCLUSION

In conclusion, because both the State court complaint and the First Notice of Motion were served on Petitioners more than six month before they filed the Complaint under the Limitation Act, the Complaint should be dismissed. And, because of that dismissal, the Court ought not exercise jurisdiction over the underlying dispute which should be remanded to State court for further proceeding.

**WHEREFORE**, Claimant's motion should be granted in its entirety and for other and further relief as this court deems proper.

Dated: New York, New York
November 27, 2018

                              GOIDEL & SIEGEL, LLLP
                              Attorneys for Plaintiff/Respondent

                              By: _____
                              Jonathan M. Goidel, Esq.
                              56 W. 45th Street, 3rd Floor
                              New York, NY 10036
                              (212) 840-3737
                              Email: jgoidel@goidelandsiegel.com

TO:    James E. Mercante, Esq.
Michael Stern, Esq.
Kristin E. Polling, Esq.
Rubin, Fiorella & Friedman, LLP
Attorneys for Petitioners
630 Third Avenue, 3rd Floor
(212) 953-2381
Email: Jmercante@rubinfiorella.com
Email: Mstern@rubinfiorella.com
Email: Kpoling@rubinfiorella.com
Your File No.: 977.35311