UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

IN THE MATTER OF THE COMPLAINT

of

BULLET SERVICES, INC., and JEFFREY
NAGLER as owners and/or owners *pro hac vice* of
the passenger vessel CAPTAIN MIDNIGHT for
Exoneration from or Limitation of Liability,

Petitioners.

---

**MEMORANDUM & ORDER**
18-CV-2727 (AMD)(SMG)

**ANN M. DONNELLY,** United States District Judge.

The petitioners, Jeffrey Nagler and Bullet Services, Inc., owners of the passenger vessel Captain Midnight, brought a petition on May 8, 2018, for exoneration or limitation of liability pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.* (ECF No. 1.) This matter arises from an injury that the respondent, Ira Brown, sustained after falling down the stairs aboard the Captain Midnight. (*Id.* at ¶ 7.) The respondent sued the petitioners in the Supreme Court of the State of New York, Kings County, on April 27, 2017, alleging that the petitioners' negligence caused his injury. (*Id.* at ¶ 8; ECF No. 11-2.) On May 8, 2018, the petitioners commenced this action in federal court to limit the respondent's potential recovery, if any, to $10,000—the petitioners' interest in the value of the Captain Midnight on the date of the incident. (ECF No. 1 at ¶ 1; ECF No. 1-3.)

The respondent moves to dismiss the petition as untimely. (ECF No. 11.) He argues that the petitioners' claim must be dismissed because it was filed more than six months after he served the petitioners with written notice of his potential claims in state court. Specifically, he claims that the petitioners had notice of his claim on May 22 and May 26, 2017, when they were served with the summons and complaint from the state court action, or on August 29, 2017,

1

when they were served a notice of motion for default judgment for failing to answer the state court complaint. The petitioners counter that they did not receive notice of the respondent's claim until November 8, 2017, when they were served a second notice of motion for default judgment in connection with the state court proceeding. The petitioners claim that they did not receive notice in May of 2017, because the complaint and summons were not served properly, nor in August of 2017, because they did not receive the first notice of motion for default judgment in the mail. Even if the summons and complaint were served properly, the petitioners argue, they could not be on "notice" because the allegations in the complaint did not apprise them that the claim exceeded the value of the Captain Midnight.

For the reasons discussed below, the respondent's motion to dismiss is granted, and the petition is dismissed as untimely.

## STANDARD OF REVIEW

A party who contends that a limitation action was not timely filed challenges the district court's subject matter jurisdiction. *In re Complaint of Pinand*, 638 F. Supp. 2d 357, 359 (S.D.N.Y. 2009) ("[T]here is substantial authority for [the] contention that the six month requirement is a condition precedent that a vessel owner must plead and prove, without which an admiralty court lacks subject matter jurisdiction."). In resolving a question of subject matter jurisdiction, a "district court can refer to evidence outside the pleadings and the plaintiff asserting subject matter has the burden of proving by a preponderance of the evidence that it exists." *Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002) (citation omitted).

## DISCUSSION

Pursuant to 46 U.S.C. § 30511, the owner of a vessel may bring a civil action in a district court of the United States "to limit liability for damages or injury…to the value of the vessel or

the owner's interest in the vessel." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001). However, the vessel owner must bring the petition "within 6 months after a claimant gives the owner written notice of a claim." 46 U.S.C. § 30511. The six-month requirement is interpreted as "a time bar with respect to a vessel owner's filing for limitation of liability." *Complaint of Morania Barge No. 190, Inc.*, 690 F.2d 32, 33 (2d Cir. 1982) (citations omitted). Accordingly, the petitioner "will be barred from taking advantage of the right to limit his liability" if he fails to file his petition within the six-month period. *Id.* at 34.

A state court complaint can provide notice sufficient to trigger the six-month limitation "if it informs the vessel owner of an actual or potential claim…which may exceed the value of the vessel[.]" *Doxsee Sea Clam Co., Inc. v. Brown*, 13 F.3d 550, 554 (2d Cir. 1994) (citations omitted); *In re Miller's Launch, Inc.*, No. 10-CV-0872, 2010 WL 3282627, at *2 (E.D.N.Y. Aug. 18, 2010). To trigger the six-month limitation, the complaint "need not make explicit that its potential claim against the owner exceeds the value of the boat; rather, it need only be 'reasonably possible' to infer from the notice that the total amount of the claims will exceed the value of the ship." *In re Henry Marine Service, Inc.*, 136 F. Supp. 3d 401, 408 (E.D.N.Y. 2015) (citation omitted). "[E]ven when doubt exists as to the total amount of the claims or as to whether they will exceed the value of the ship the owner will not be excused from satisfying the statutory time bar since he may institute a limitation proceeding even when the total amount claimed is uncertain[.]" *Complaint of Morania Barge*, 690 F.2d at 34 (citation omitted). "The burden to 'seek clarification' of the amount of damages sought rests upon the shipowner." *In re Complaint of SPEC CalStar Ltd.*, No. 02-CV-0466, 2002 WL 31426255, at *2 (S.D.N.Y. 2002) (citing *Doxsee*, 13 F.3d at 554-55).

In light of these principles, and the Second Circuit's directive to employ a "broad and flexible standard" when judging the adequacy of notice, *Doxsee*, 13 F.3d at 554, I find that the respondent's state court complaint provided notice sufficient to trigger the six-month limitation. Although the respondent's complaint is sparse, it specified the date of the incident, the vessel and parties involved, the cause and circumstances of the incident, and the respondent's contention that the petitioners were responsible for his injury pursuant to a theory of negligence. (ECF No. 11-2); *Complaint of Bayview Charter Boats, Inc.*, 692 F. Supp. 1480, 1485 (E.D.N.Y. 1988) (notice of claim sufficient where it informed the vessel owner of the incident at issue and the possibility that the owner would be held liable for the claimant's injuries). Moreover, the complaint specifically apprised the petitioners that the respondent sought damages "in excess of the jurisdictional limits of all inferior courts plus interest, costs, and disbursements." (ECF No. 11-2 at ¶ 17.) Although Mr. Nagler is not a lawyer (ECF No. 12, Ex. B, at ¶ 6), this language was sufficient to give him notice of potentially excessive damages, or to obligate him to contact a lawyer for clarification, as he did in November of 2017, when the same allegation compelled him to contact his insurance company. (*Id.* at ¶ 4); *In re Pinand*, 638 F. Supp. 2d at 359 (a demand for damages "in excess of the jurisdictional limits of all courts of lesser jurisdiction" was sufficient to notify the petitioner that the respondent's claims would exceed the value of her vessel).

The petitioners admit in their petition that the second notice of motion for default judgment alerted them that the value of the respondent's claim had "a reasonable possibility of exceeding petitioners' interest in the value of the vessel as of the date of the alleged marine incident." (ECF No. 1 at ¶ 8.) In so doing, the petitioners concede that the content of the original complaint was sufficient to alert them to the reasonable possibility of damages in excess

4

of the value of the Captain Midnight. The complaint, the first notice of motion, and the second notice of motion all contain the identical damages demand: damages "in excess of the jurisdictional limit of all inferior courts plus interest, costs, and disbursements." The only discernable difference between the complaint and the notices of motion is a line in the accompanying affidavit that the accident resulted in a "displaced bimalleolar fracture of lower leg requiring surgery." (*See* ECF No. 11-6, Aff. of Merit, at ¶ 5.) Although this language underscored the severity of the respondent's injury, it was not required to render the original damages demand susceptible to an inference of excessive damages, or at the least, to prompt the petitioners to "seek clarification" about the damages amount. Accordingly, the content of the original complaint provided notice sufficient to trigger the six-month limitation.[1]

The nub of the petitioners' argument is that the six-month limitation did not start to run until November of 2017 because they did not actually receive the prior notices. This argument also fails. The respondent served the summons and complaint on the petitioners more than once. The respondent first served the summons and complaint on the petitioners in May of 2017 pursuant to New York State service of process law.[2] As evidenced by the affidavit of service, the respondent served the summons and complaint on an employee of suitable age at 2600 Emmons Avenue, Mr. Nagler's place of business, and by a contemporaneous mailing to Mr.

---

[1] The respondent's second notice of motion for default judgment, which the petitioners concede provided adequate notice (ECF No. 1 at ¶ 8), is identical to the respondent's first notice of motion in all respects, including the reference to the respondent's injury. Therefore, even if the original complaint did not furnish adequate notice, the first notice of motion for default judgment, which was served on the petitioners more than six months before they filed the petition, clearly did, by the petitioners' own admission.

[2] Neither federal nor state service of process rules govern the delivery of a notice of claim in admiralty. In fact, courts have judged much less formal communications to be sufficient to provide notice in the admiralty context. *See In re Miller's Launch*, 2010 WL 3282627, at *2 ("It is well settled, however, that formality is not needed; letters sent by claimants to vessel owners may suffice.").

5

Nagler at the same address. (*See* ECF No. 11-3 at 2); N.Y. C.P.L.R. § 308(2) (McKinney 2019). Over the next two months, the respondent sent a letter to each of Mr. Nagler's business address (2600 Emmons Avenue, ECF No. 11-4 at 1), and home address (2840 Ocean Parkway, ECF No. 11-4 at 9), enclosing additional copies of the summons and complaint. Finally, on August 29, 2017, the respondent mailed a notice of motion for default judgment to Mr. Nagler at the 2840 Ocean Parkway address, again enclosing copies of the summons and complaint along with copies of the respondent's previous letters and mailings. (ECF No. 11-5.)

Mr. Nagler avers that he did not receive the complaint that was delivered in person to his employee at his business address (ECF No. 12, Ex. B, at ¶ 4), nor the first notice of motion for default judgment sent to his 2840 Ocean Parkway address (*Id.*). Mr. Nagler does not say whether he received the mailing sent concurrently with personal service, or the mailings sent a month later to his business and home. Nevertheless, the petitioners claim that statutory notice "is triggered not by 'service' but by the owner's 'receipt' of written notice." (ECF No. 13 at 5.) The petitioners do not cite, and the Court cannot find, any case law supporting that proposition. More importantly, the statute itself suggests the opposite, pegging the start of the six-month limitation to the date the claimant "*gives* the owner written notice of a claim;" rather than the date the owner *receives* the same. *See* 46 U.S.C. § 30511(a) (emphasis added).

In the face of evidence that the petitioners were served the summons and complaint once according to state law notice procedures, and twice more by mail—including once at Mr. Nagler's home address, which the petitioners identify as the proper place of service for Bullet Services, LLC, (ECF No. 12, Ex. A), and at which the petitioners admit to having received proper service by the same method in November of 2017 (ECF No. 12, Ex. B, at ¶ 4)—Mr. Nagler's bald assertions that he did not receive notice cannot succeed.

## CONCLUSION

The respondent's motion to dismiss is granted, and the petition is dismissed as untimely.

**SO ORDERED.**

                                          s/Ann M. Donnelly
                                          _____
                                          Ann M. Donnelly
                                          United States District Judge

Dated: Brooklyn, New York
       September 24, 2019